UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED DARNELL DANIELS, | No.  2:17-cv-904-JAM-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| UNITED STATES OF AMERICA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

On April 28, 2017, plaintiff Ted Darnell Daniels, who proceeds without counsel and is incarcerated, filed a complaint along with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 3.)[1]

Plaintiff's complaint is subject to screening in accordance with 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a

---

[1] The case was initially docketed as a prisoner civil rights action, but on May 9, 2017, in light of the nature of the allegations at issue, the case was converted to a *pro se* civil action.  (ECF No. 5.) The case proceeds before the undersigned pursuant to Local Rule 302(c)(21).

claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A federal court also has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Because the question of standing is a threshold jurisdictional issue, federal courts have a duty to examine it. D'Lil v. Best Western Encina Lodge & Suites, 538 F.3d 1031, 1035 (9th Cir. 2008).

In this case, plaintiff alleges that, in the early 1800s, his ancestors, who were members of the Kissi tribe in Africa, were taken hostage, transported to Cuba where they were purportedly given false Cuban documents, and ultimately transported to the United States to work as slaves. According to plaintiff, his ancestors suffered great cruelty, torture, and even death. Plaintiff brings this action on behalf of his ancestors in his capacity as executor of their estates, their legal representative, their next to kin, their next to friend, and a third party in interest on behalf of an absent third party. Plaintiff asserts numerous claims under 28 U.S.C. § 1350, seeking *inter alia* $500,000,000.00 in compensatory damages and $500,000,000.00 in punitive damages. Plaintiff names the following defendants: the United States of America, the United States Department of State, the United States Attorney General, United States Ambassador Nicholas Phillip Trist, the Republic of Cuba, the Republic of Cuba Governor General Ezepleta, the Republic of Portugal, the Republic of Portugal Consul Fernandez, and the Republic of Portugal Acting Consul Nicholas P. Trist. (See generally ECF No. 1.)

Plaintiff plainly lacks standing to bring this action. 28 U.S.C. § 1350 provides that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." Here, plaintiff himself is not an alien who has suffered a requisite violation. Moreover, even assuming that plaintiff can properly trace his ancestry to members of the Kissi tribe who were enslaved in the

2

1800s, such ancestry does not confer standing on plaintiff. Plaintiff's allegations that he is the executor of his ancestors' estates and/or their legal representative are clearly frivolous, because it is implausible that a present-day court would have appointed plaintiff as the executor or legal representative of the estates of his ancestors who lived in the 1800s. To be sure, countless numbers of individuals, possibly including plaintiff's ancestors, suffered terribly and unjustly under the institution of slavery in this country's history. Nevertheless, plaintiff's alleged ancestry does not confer him with standing to prosecute claims on behalf of his distant ancestors.

Therefore, this action is subject to dismissal for lack of standing. Ordinarily, the court liberally grants parties, especially *pro se* litigants, leave to amend if it appears possible that pleading defects could be cured. However, in light of the nature of the allegations and claims at issue here, the court concludes that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED for lack of standing.

2. The motion to proceed *in forma pauperis* in this court (ECF No. 3) be DENIED AS MOOT.

3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

3

objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  June 19, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE